IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CLIFTON L. ADAMS, <br> Institutional ID No. 65816, <br><br> Plaintiff, <br><br> v. <br><br> MARK THOMAS, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:19-CV-00208-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clifton L. Adams, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on October 4, 2019. Dkt. No. 1. The Court granted Adams leave to proceed in forma pauperis, which subjects his Complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). *See* Dkt. No. 9. And because Adams was a prisoner when he brought his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. This case was transferred to the docket of the undersigned on January 6, 2020, for purposes of conducting the preliminary screening. Dkt. No. 10. Adams has not consented despite being sent multiple Notices of Availability. Dkt. Nos. 6, 11, 15.

Following the transfer of this case to the undersigned, the Court entered an Order for Authenticated Records. Dkt. No. 16. On January 6, 2022, the Court issued an order requiring Adams to complete the Magistrate Judge's Questionnaire and Certification. Dkt. No. 23.

1

The Order to Complete the Magistrate Judge's Questionnaire was returned from TDCJ Montford Unit as undeliverable because Adams was released. *See* Dkt. No. 24.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. Adams's failure to update his address with the Court contravenes instructions provided in the Court's previous orders and instructions in this case. In the Instructions to a Prisoner *Pro Se* Plaintiff, Adams was admonished that he "must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." Dkt. No. 3 at 1. And in the Order granting Adams leave to proceed in forma pauperis,

he was again admonished that he must "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution." Dkt. No. 9 at 2. And in the Magistrate Judge's Questionnaire, the Court ordered Adams "to immediately notify the Court of any change of his address by filing a document captioned "NOTICE OF CHANGE OF ADDRESS." Dkt. No. 23 at 1-2. Despite these instructions and orders, Adams has not provided an updated address. The Court is not required to delay the disposition of this case until such time as Adams complies with the Court's previous instructions and orders.

Therefore, it is the RECOMMENDATION of the undersigned that Adams's Complaint and all claims alleged therein should be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous orders and instructions. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

## RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dismissal of these claims does not release Adams from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Judgment shall be entered accordingly.

ORDERED this 8th day of February, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE